UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EARNHARDT BUILDING CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

v.

Case No. 2:26-cv-1664-KCD-KRH

VANTAGE RISK SPECIALTY INSURANCE COMPANY,

Defendant.

______________________________/

# ORDER

Plaintiff Earnhardt Building Condominium Association, Inc. sues its insurer Defendant Vantage Risk Specialty Insurance Company for breach of contract. (Doc. 5.)[1] Vantage has moved to dismiss the case, claiming that Earnhardt's pre-suit notice was insufficient. (Doc. 18.)

## I. Background

These are the relevant facts taken from the complaint, which must be assumed true at this stage. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Under the parties' contract, Vantage promised to insure Earnhardt's residential condominiums for up to $2,000,000. (Doc. 5 at 11.) While the policy was in effect, Hurricane Ian blew through the area,

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

leaving the property with battered roofs and damaged interiors. (*Id.* ¶ 8.) Earnhardt reported the destruction, but Vantage agreed to cover only a fraction of the loss. (*Id.* ¶ 9.) And Vantage refused to budge from that position, digging in its heels even after Earnhardt handed over a professional engineer's report, receipts for the repairs already completed, and estimates for the work yet to come. (*Id.* ¶¶ 10, 12.)

Fifteen days before heading to court, Earnhardt filed a notice of intent to sue—a requirement under Florida law. (*Id.* ¶ 11.) Vantage took issue with the notice, frustrated that even with receipts and cost estimates in hand, Earnhardt had listed the amount of damages as unknown. (Doc. 21 ¶ 4.) According to Earnhardt, however, "a specific dollar amount could not be determined at the time due to ongoing damage." (*Id.*)

When compromise proved impossible, the parties landed here, and Vantage now moves to dismiss the single breach of contract claim based on alleged flaws in the required notice. (Doc. 18.) Vantage points to a few supposed shortcomings: that the notice lacked specificity regarding the alleged breach, failed to explicitly state a copy was provided to the insured, and omitted the pre-suit settlement demand, itemized costs, and disputed amount required for a partially denied claim. But none of that matters, Earnhardt counters, because this lawsuit is proceeding in federal court. And in this forum, pleading that "[a]ll conditions precedent to this action, have been met, performed,

occurred, or have been waived" is sufficient to withstand a motion to dismiss. (Doc. 5 ¶ 5.) Put simply, Earnhardt argues that its allegations of sufficient notice are enough at this stage, and this Court has no business peeking outside the four corners of the complaint to nitpick the actual paperwork.

## II. Standard of Review

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is, as we have stated previously, exceedingly low." *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). "To prevent dismissal under Rule 12(b)(6), the plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face." *Andre v. Clayton Cnty., Georgia*, 148 F.4th 1282, 1291 (11th Cir. 2025). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a motion to dismiss under Rule 12(b)(6), "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1302 (11th Cir. 2022). And important for present purposes, when "pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c).

## III. Discussion

Florida law sets a strict procedural hurdle for policyholders seeking to take their property insurers to court. Under Fla. Stat. § 627.70152, a plaintiff must give the insurer at least ten days' notice before filing suit. And that notice cannot be a mere formality; the statute demands specifics. For instance, a plaintiff must provide "[t]he alleged acts or omissions of the insurer giving rise to the suit. *Id.* § 627.70152(3)(a)(2). This process operates as a condition precedent to litigation—if the notice is not provided, dismissal without prejudice is mandatory. *See* Fla. Stat. § 627.70152(5).

A federal court exercising diversity jurisdiction applies the substantive law of the forum state. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 80 (1938). "When interpreting state law, a federal court is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Great Lakes Ins. SE v. Concourse Plaza*, No. 22-13141, 2024 WL 1617825, at *2 (11th Cir. Apr. 15, 2024). And "[i]f the state's appellate courts disagree on a principle of state law, we look to the decisions of the [state] appellate court that would have had jurisdiction over an appeal in this case had it been filed in state court." *Id.*

The Sixth District Court of Appeal (which covers the geographic area of this Court) has weighed in here. It has held that § 627.70152 is substantive. *Hughes v. Universal Prop. & Cas. Ins. Co.*, 374 So. 3d 900, 910 (Fla. Dist. Ct.

App. 2023). Thus, "[§] 627.70152(3)(a) applies in a federal district court and requires dismissal of a property-insurance action filed without pre-suit notice." *Pearson v. Scottsdale Ins. Co.*, 681 F. Supp. 3d 1271, 1276 (M.D. Fla. 2023).

But because this case sits in federal court, the Federal Rules of Civil Procedure—and their distinct pleading standards—still apply. And Rule 9(c) saves Earnhardt's claim. *Pupo Perez v. Am. Zurich Ins. Co.*, No. 2:25-CV-736-SPC-NPM, 2025 WL 3012634, at *1 (M.D. Fla. Oct. 28, 2025). That rule provides a simple directive: plaintiffs may allege the performance of conditions precedent generally. Fed. R. Civ. P. 9(c). In its complaint, Earnhardt does exactly that, pleading that "[a]ll conditions precedent to this action, have been met, performed, occurred, or have been waived." (Doc. 5 ¶ 5.) Under federal pleading standards, that general averment is sufficient.

Vantage's motion focuses on disputing the truth of that allegation. But the satisfaction of conditions precedent is not adjudicated on a motion to dismiss because the issue would be one of proof, not pleading. *Torres v. Scottsdale Ins. Co.*, No. 21-24334-CIV, 2022 WL 18865002, at *3 (S.D. Fla. Aug. 4, 2022). When a statute makes pre-suit notice a condition precedent, assessing whether a party has met that condition requires evaluating facts that fall outside the pleadings. *Id.*; *Makinson v. Scottsdale Ins. Co.*, 736 F. Supp. 3d 1144, 1147–48 (M.D. Fla. 2024). And "the pleading stage is not the time to settle disagreement on the facts." *Torres*, 2022 WL 18865002, at *3.

Vantage points out that Florida's Third District Court of Appeal most recently "found it permissive to rule on" the notice issue because § 627.70152 requires the dismissal of a noncompliant case. (Doc. 18 at 5 n.7 (citing *Citizens Prop. Ins. Corp. v. Walden*, 395 So. 3d 216 (Fla. Dist. Ct. App. 2024).) And because we are dealing with a Florida statute, Vantage insists this Court is bound to follow the state court's lead. (*Id.*) But *Citizens* is a different case entirely. There, the state court stepped in because it was undisputed that the plaintiff failed to provide the required pre-suit notice. *Citizens*, 395 So. 3d 216. Here, compliance is the very heart of the dispute. If Earnhardt had neglected to plead that it met all conditions precedent—or if the complaint contained facts openly admitting noncompliance—the outcome might very well change. But crucially, it would change because of the Federal Rules of Civil Procedure, not a state court's procedural mandate.

## IV. Conclusion

Vantage is right that § 627.70152 applies to this dispute. *See Pearson*, 681 F. Supp. 3d at 1276. But exactly how a plaintiff must plead compliance with that state statute is a question answered by the federal rules. And under Rule 9(c), generally alleging that all conditions precedent have occurred is sufficient in a breach of contract case. Accordingly, Vantage's motion to dismiss (Doc. 18.) is **DENIED**.

**ORDERED** in Fort Myers, Florida on August 11, 2026.

Kyle C. Dudek
United States District Judge